UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Malibu Media, LLC,
)
        Plaintiff    )
)
v.    )    Case No. 12-1280
)
John Does 1-9,    )
        Defendants    )

## ORDER

Plaintiff filed a complaint for copyright infringement on August 11, 2012. The complaint alleges that the defendants used the Internet and BitTorrent protocol to commit direct and contributory copyright infringement. Plaintiff now asks the Court for leave (#4) to serve subpoenas on third parties prior to the Rule 26(f) conference in an effort to ascertain the identity of the John Doe defendants. As stated below, this motion is **GRANTED**.

## DISCUSSION

The complaint in this matter sets out a copyright infringement based on the Defendants' use of the Internet and BitTorrent[1] protocol to commit that infringement. Each Defendant is alleged to have an Internet Protocol (IP) number, assigned by his or her respective Internet Service Provider (ISP). The ISP's maintain internal logs recording the date, time and customer identify for each IP address assignment it makes.

Using special software, Plaintiff identified the IP numbers of the alleged infringers, who are the John Doe Defendants. The only way for Plaintiff to use that IP number to identify each John Doe

---

[1] BitTorrent and the other technical matters are described in the complaint and in the memorandum of law supporting this motion. It is not necessary to repeat the details of those matters in this Order.

- so that service of process may be had and the case may truly commence - is to obtain identifying information from their ISP's.

Plaintiff asks for leave to serve Rule 45 subpoenas on the ISP's, demanding the true name, address, telephone number, email address, and Media Access Control (MAC) address[2] of the person to whom the ISP issued each of the pertinent IP addresses specified in the complaint. .

Parties may generally serve discovery only after a Rule 26(f) conference, "except ... when authorized by ... court order." Fed.R.Civ.P. 26(d)(1). Courts considering whether to allow expedited discovery generally apply a good cause standard. See Arista Records LLC v. Does 1-19, 551 F.Supp. 2d 1, 6-7 (D.D.C. 2008)(citing cases). See also Fed.R.Civ.P. 26(b)("for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy. Efforts to learn the identity of potential infringers would meet that "good cause" standard, at least if the complaint appears to state a *prima facie* claim of copyright infringement.

Plaintiff alleges that it is the owner of the copyright Registration with respect to the copyrighted video in question. (Complaint ¶46). The Complaint goes on to plead that, by means of BitTorrent protocol and a BitTorrent Client, each John Doe copied constituent elements of the copyrighted work(¶47) without Plaintiff's authorization or consent (¶ 48). This is sufficient for a *prima facie* showing of copyright infringement. See, 17 U.S.C. §106; In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S.Ct. 1069 (2004).

---

[2]This address identifies the hardware connected to a network.

There does not appear to be any way for Plaintiff to identify the purported infringers other than by obtaining the information from the ISP. See, <u>Elektra Entertainment Group Inc. v. Doe</u>, Case No. 5:08-CV-115, 2008 WL 5111886 at *4, Dec. 4, 2008 (E.D. N.C.). The information is crucial; this action cannot proceed until Plaintiff learns the Defendants' identity so they may be served with process. See, <u>Sony Music Entertainment v. Does 1-40</u>, 326 F.Supp. 2d 556, 4566 (S.D.N.Y.2004). These factors, along with the limited nature of the discovery sought by the Plaintiff, outweigh any limited expectation of privacy that the ISP subscribers might have in their identities. <u>Guest v. Leis</u>, 255 F.3d 325, 336 (6th Cir. 2001). See, <u>Arista</u>, 551 F.Supp. 2d at 6-7.

Accordingly, I find that Plaintiff has shown "good cause" for pre-Rule 26(f) conference discovery. Plaintiff's motion [#4] is therefore **GRANTED**.

## CONCLUSION

It is Ordered:

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned the IP Address as set forth in ¶ 22 of the Complaint. Plaintiff shall attached to any such subpoena a copy of this Order.
2. The ISP, if it is a cable operator as defined by 47 U.S.C. § 522(5), shall comply with 57 U.S.C. § 551(c)(2)(B) by notifying the subscriber that it has been identified as a result of compliance with this Order.
3. Plaintiff shall only use the information disclosed in response to the Rule 45 subpoena authorized herein for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.
4. The return date on the subpoena shall be at least 30 days from date of service of the subpoena.
5. If the subpoenaed entity intends to file a motion to quash the subpoena, said motion shall be filed before the return date. Any subpoenaed information shall be preserved by the ISP pending an order resolving any timely-filed motion to quash.
6. If Comcast's response to the subpoena discloses some other entity as a provider of Internet services to John Doe, Plaintiff may issue a Rule 45 subpoena to that provider, under the same terms and conditions as stated herein.
7. The subpoenaed ISP[s] shall not require Plaintiff to pay a fee *in advance* of providing the subpoenaed information or for an address not controlled by said ISP

or for duplicate IP addresses of the same person. If there are disputes regarding the amount the ISP will charge, such disputes will be resolved by the Court after the subpoenaed information has been provided to Plaintiff. .

ENTER this 4th day of September, 2012.

                              s/ John A. Gorman

                            JOHN A. GORMAN
                  UNITED STATES MAGISTRATE JUDGE